Stuart M. Price (SBN 150439)
PRICE LAW GROUP, APC
15760 Ventura Boulevard, Suite 800
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.907.2122
stuart@pricelawgroup.com
*Attorneys for Plaintiff*
MONIQUE F. GRAY

## DISTRICT COURT OF CALIFORNIA

## IN THE CENTRAL DISTRICT

| | |
|---|---|
| MONIQUE F. GRAY<br>　　　　　Plaintiff,<br>vs.<br>BARCLAYS BANK DELAWARE; and DOES 1 to 10, inclusive,<br>　　　　　Defendant(s). | Case No.:<br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br>(Unlawful Debt Collection Practices)<br>Demand Exceeds $10,000 |

## COMPLAINT FOR DAMAGES

### I.　　INTRODUCTION

1. Monique F. Gray ("Plaintiff") brings this action against Barclays Bank Delaware (hereinafter "Barclays" or "Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC"), as well as the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, which prohibit creditors from engaging

in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II. JURISDICTION

2. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

3. Venue and personal jurisdiction in this District are proper because Plaintiff resides in this District, Defendant's collection communications were received by Plaintiff within this District and Defendant does or transacts business within this District.

## III. PARTIES

4. Plaintiff is a natural person residing in Redlands, San Bernardino County, California 92374.

5. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

6. Defendant is a Banking institution engaged in the business of issuing credit cards with its principal place of business located in Wilmington Delaware and regularly transacts business throughout the United States and California. Defendant may be served with process through the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington Delaware, 19801.

7. Upon information and belief, the telephone numbers (866) 456-0677; (866) 456-0695; and (866) 408-4070 all belong to Defendants.

8. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection. Thus, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c) and by the FDCPA, 15 U.S.C. § 1692a(6). Defendant regularly engages in the collection of debt by telephone in several states including, California.

9. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

10. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

11. Within the last year, Defendant attempted to collect on consumer debt(s) from Plaintiff.

12. The debt(s) that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

13. During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

15. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV. FACTUAL ALLEGATIONS

16. Defendant is attempting to collect on an alleged consumer debt from Plaintiff.

17. Plaintiff's alleged debt is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f), as well as the FDCPA 15 U.S.C. 1692a.

18. Defendant Barclays is listed as the creditor on written communication regarding the account allegedly held by Plaintiff.

19. Between March 18, 2015 and May 6, 2015, Barclays contacted Plaintiff on her cellular telephone approximately twenty-six (26) times.

20. On May 6, 2016 at 6:47pm, Defendant called Plaintiff on her cellular telephone number from (866) 408-4070. Plaintiff answered the call and unequivocally revoked consent to be contacted on her cellular phone. Defendant's agent stated that they could not guarantee that the automated system would not call Plaintiff in the future.

21. The very next day, on May 7, 2015 at 12:28pm, Plaintiff received another call from Defendant on her cellular telephone. Plaintiff answered this call, from the same telephone number, (866) 408-4070, and again unequivocally revoked consent to be contacted on her cellular phone. This time, Defendant's agent "Joyce" stated that she could only stop the calls for one month, and further demanded that Plaintiff send her request in writing; the calls did discontinue for approximately one month.

22. On June 6, 2015, like clockwork, Defendant began placing calls to Plaintiff's cellular phone.

23. On June 6, 2015 at 11:05 a.m. Plaintiff contacted Defendant and spoke to Defendant's agent "Mildred" and once again requested that Defendant stop calling. Again, Defendant insisted that the revocation must be in writing before the calls would stop.

24. On June 9, 2015 at 4:14pm and again at 4:51pm, Plaintiff received two calls from Defendant, from telephone number (866) 456-0677.  Plaintiff answered both calls and unequivocally revoked consent to be contacted on her cellular phone.

25. On June 13, 2015 at 3:33pm, Plaintiff received another call from Defendant, from telephone number (866) 456-0677.  Plaintiff answered the call and unequivocally revoked consent to be contacted on her cellular phone.

26. On June 16, 2015 at 4:35pm, Plaintiff received a call from telephone number (866) 456-0677.  Plaintiff answered the call and unequivocally revoked consent to be contacted on her cellular phone.

27. After the May 6, 2015 revocation, Plaintiff received no less than seventy-two (72) calls from telephone numbers (866) 408-4070; (866) 456-0695; and (866) 456-0677, and no less than one-hundred six (106) calls since March 18, 2015.

28. When Plaintiff answered the phone, she heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

29. The purpose of the repeated phone calls was an attempt to collect an alleged debt.

30. Defendant is familiar with the TCPA, FDCPA and RFDCPA.

31. Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

32. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

33. The approximately one-hundred six (106) phone calls placed from Defendant to Plaintiff's cellular phone caused Plaintiff emotional distress and aggravation.

34. The calls to Plaintiff's cellular phone caused multiple disruptions to her day and caused her to repeatedly answer calls, and in some cases call Defendant in an attempt to make the calls stop.

35.     The calls are an invasion of Plaintiff's privacy rights.

### V.     CAUSE OF ACTION
### COUNT I
**(Violations of the TCPA, 47 U.S.C. § 227)**

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a)     Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)     Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

38.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## DEFENDNAT VIOLATED THE ROSENTHAL

## FAIR DEBT COLLECTION PRACTES ACT, CAL. CIV. CODE § 1788)

39. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

40. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    (i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    (ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

41. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

42. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and attorney's fees and costs.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Monique F. Gray, respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(b) Statutory damages of $1,000.00 pursuant to CAL. CIV. CODE § 1788.30(b); and

(c) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(d) Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and if the Court finds appropriate cause under 47 U.S.C. § 227(b)(3)(C); and

(e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(f) For such other and further relief as the Court may deem just and proper.

## VII. **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: May 17, 2016             PRICE LAW GROUP, APC

                                       By: /s/ Stuart M. Price
                                             Stuart M. Price (SBN 150439)
                                             *Attorneys for Plaintiff*
                                             *Monique F. Gray*